UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOCELYN HALE, | CASE NO. 1:13 CR 166 |
| Petitioner, | JUDGE DONALD C. NUGENT |
| v. | MEMORANDUM OPINION AND ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter is before the Court on Jocelyn Hale's ("Petitioner's") Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Docket #226.) On October 23, 2013, pursuant to a written plea agreement, Petitioner pled guilty to the following charges: (1) conspiracy to commit bank fraud and money laundering in violation of Title 18 United States Code, Section 371 (Count 1); (2) mail fraud in violation of Title 18 United States Code, Section 1341 (Counts 10-14); (3) conspiracy to commit wire fraud and money laundering in violation of Title 18 United States Code, Section 371 (Count 15); (4) conspiracy to commit mail fraud and money laundering in violation of Title 18 United States Code, Section 371 (Count 17); and (5) aggravated identity theft in violation of Title 18 United States Code, Section 1028(A) (Count 19). On December 4, 2013. Judge Dowd sentenced Petitioner to 45 months imprisonment, followed by three years of supervised release.

Petitioner testified in the trial of a co-defendant as part of her plea agreement. The

Government subsequently filed a Rule 35 Motion seeking a two level reduction in Hale's offense level calculation based on her cooperation and substantial assistance. (Docket #216.) On July 11, 2014, Judge Dowd granted the Government's Motion and reduced Petitioner's sentence from 45 months to 38 months imprisonment.

Petitioner's §2255 Motion raises three claims. First, Petitioner claims ineffective assistance of counsel based on her assertion that the time period between the plea hearing and sentencing was not sufficient to allow the Probation Department to prepare an accurate presentence investigation report. Specifically, Petitioner claims that she did not have sufficient time to review or object to the presentence report. Second, Petitioner argues that the Government mistakenly filed a Rule 35(a) Motion when in fact it should have filed a Rule 35(b) Motion. Lastly, Petitioner claims that the two-level reduction for substantial assistance was inadequate given the information she provided.

The recitation of facts set forth in the Government's Response to the Petitioner's Motion accurately reflects the events and circumstances surrounding Hale's sentencing hearing. (Docket #240.) They are, therefore, adopted by this Court as if rewritten herein. Specifically, Petitioner's affirmation, on record, that she had the opportunity to review and had no objections to the presentence report precludes her from relief under §2255. Secondarily, any objections to the presentence report raised by Petitioner are not meritorious. For the reasons set forth in the Government's Response, Petitioner is unable to satisfy any criteria for her §2255 claim.

A petitioner that moves to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the

sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. §2255. As such, a court may grant relief under §2255 only if a petitioner has demonstrated a "fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a §2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. §2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir.1996) (recognizing that evidentiary hearing not required when the record conclusively shows that petitioner is not entitled to relief).

Petitioner's objections to the presentence report are not meritorious. On August 22, 2014, Petitioner supplemented her §2255 Motion with a handwritten letter in which she argued that the presentence report included Class B and C misdemeanors which should have been excluded when determining Hale's criminal history category. (Docket #227.) Petitioner's presentence report references five misdemeanor offenses, each of which was assigned accurate criminal history points as provided in §4A1.2 of the United States Sentencing Guidelines. Therefore, the criminal history category was calculated properly under the applicable law and Petitioner's objections are without merit.

Additionally, the Probation Department complied with the requirements for a thorough presentence report set forth in Rule 32 of the Federal Rules of Criminal Procedure. The time-line of events provided in the Government's Response accurately reflects the time in which the presentence report was completed and correctly states that Petitioner provides no support for her claim that the presentence report is inadequate or is missing information. Despite Petitioner's allegations of an inaccurate presentence report, the record reflects that Petitioner confirmed the

information provided in the presentence report at the sentencing hearing. Therefore, Petitioner's claim that the Probation Department failed to provide a thorough report in the time between her guilty plea and sentencing hearing is dismissed.

In order to prevail on an ineffective assistance of counsel claim, Petitioner must show that her counsel's performance was deficient, and that the deficient performance prejudiced her to the extent that the trial was unfair and the result was unreliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment." *Id.* Judicial scrutiny of counsel's performance must be "highly deferential." *Id.* at 689.

Petitioner's claims of ineffective assistance of counsel are unfounded. She argues that her counsel was ineffective because he did not object to the time period between her guilty plea and sentencing hearing. As set forth above, this claim is without merit given the accuracy of the presentence report and Petitioner's affirmation that she had time to review and did not object to the presentence report. Further, counsel's representation of Petitioner was neither unreasonable nor constitutionally deficient under the *Strickland* standard. Despite Petitioner's claims, Hale's counsel effectively represented her throughout the entirety of the case, especially with respect to the plea agreement and sentencing. In fact, Petitioner's counsel was able to reach a plea agreement with the government which provided Hale the opportunity to receive a reduced sentence under the United States Sentencing Guidelines.[1] Furthermore, Petitioner has failed to demonstrate how her counsel's actions prejudiced the outcome of her case. Therefore, Petitioner

---

[1] Petitioner received 38 months. Without the plea agreement and reduction for cooperation negotiated by her lawyer the sentencing range would have been 65-75 months, including the consecutive twenty-four (24) months for Aggravated Identity Theft.

has failed to meet the standard set forth in *Strickland* and the claim of ineffective assistance of counsel is dismissed.

Finally, Petitioner's claim that the Government incorrectly labeled its Motion requesting a sentencing reduction on her behalf is not a proper ground for relief in a §2255 motion. The Government concedes the fact that it incorrectly labeled its sentencing reduction motion as Rule 35(a) instead of the correct Rule 35(b). However, despite the Government's error, the substance of the Motion contained the necessary requirements of Rule 35(b) based on substantial assistance. Accordingly, as a result of the assistance provided, Judge Dowd granted the government's motion for a two-level reduction, which reduced Hale's sentence from 45 to 38 months. Because Petitioner has not offered any evidence that would show that she was prejudiced by the government's typographical error this claim is dismissed.

Additionally, Hale's displeasure with her reduction based on the value of the information she provided is without merit. The Government correctly argues that a defendant cannot appeal the extent of the downward departure granted by a district court in her favor. *United States v. Moran*, 325 F.3d 790, 792 (6th Cir. 2003) *citing United States v. McDowell*, 177 F.3d 974, 976 (7th Cir. 1997). Petitioner cannot challenge the seven month reduction which was granted in her favor on the basis that she did not agree with the extent of the reduction. Further, the fact that Petitioner provided information which may have put herself or her family in danger does not warrant an additional reduction under Rule 35(b). Consequently, Petitioner's claim that she did not receive an adequate reduction in her sentence for substantial assistance is dismissed.

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part,

as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a

reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, a reasonable jurist could not conclude that dismissal of the Petition is in error or that Petitioner should be permitted to proceed further. Further, to the extent that Petitioner's claims were also rejected on the merits, reasonable jurists could not find the assessment of Petitioner's constitutional claims to be debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

Because the files and records of this case conclusively show that Petitioner is entitled to no relief under §2255, no evidentiary hearing is required to resolve the pending Motion. For the reasons set forth above, Petitioner's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby DENIED. (Docket #226.) Furthermore, this court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: *November 25, 2014*